## Wollman v. Hughes & Bradley Company.

*Statement of claim—Affidavit of defence—Counter-claim—Account—Practice Act of May 14, 1915.*

When the plaintiff is entitled to an account from the defendant, and in his statement of claim asks the court for an order requiring a true and full accounting under sections 11 and 19 of the Practice Act of May 14, 1915, P. L. 483, an affidavit of defence which sets up a counter-claim with a summary of the work of auditors employed by the defendant as its basis is insufficient, and, on a reply by way of demurrer, defendant will be directed to file, within thirty days, an account showing in detail the profits of his business during the time the plaintiff was interested therein.

Statutory demurrer to counter-claim. C. P. No. 5, Phila. Co., Sept. T., 1923, No. 4524.

*H. S. Mesirov,* for plaintiff; *J. Weaver,* for defendant.

PER CURIAM, March 31, 1924.—The plaintiff brought suit for a balance claimed to be due him on a contract for the management of the plant of the defendant, and in his statement asks the court for an order requiring the defendant to render to the plaintiff a true and full account of its business and the profits therefrom during the year 1920, in order that the plaintiff's share of the profits, if any, may be ascertained. The affidavit of defence sets up a counter-claim, averring that the plaintiff was overpaid during the years prior to 1920, and that the business was operated at a loss during the portion of the year 1921 under the management of the plaintiff. The summary of the work of the auditors employed by the defendant during the years in question is appended to the affidavit of defence. The plaintiff has filed a reply, in the nature of a statutory demurrer to this counter-claim of the defendant, averring insufficiency to sustain the counter-claim, and asking for an accounting by the defendant of its business operations during the management of the plaintiff. The defendant seems to misconceive the purpose of the plaintiff when it contends that the Practice Act of May 14, 1915, P. L. 483, does not contemplate an accounting by a defendant in support of a counter-claim. The plaintiff is asking for an accounting in support of his statement, and this he seems to be entitled to under sections 11 and 19 of the said Practice Act. Irrespective of this, while it is true that the "proceedings in lieu of demurrer" in section 20 of the Practice Act are with reference to the defendant's affidavit of defence, yet the plaintiff may by his reply question the sufficiency of a counter-claim to sustain counter-allegations of a defendant. However this may be, the stating of an account by the defendant, as requested by the plaintiff, will meet the plaintiff's demand, and if made a part of an affidavit of defence, may support the counter-claim. The statement as appended to the affidavit of defence is a summary or conclusion and cannot be said to be a statement of account such as the plaintiff is entitled to receive at the hands of the defendant, and which will show the profits, if any, upon which the plaintiff's compensation for services is based.

And now, to wit, March 31, 1924, it is ordered and decreed that the defendant file, within thirty days, an account, showing in detail the profits of its business during the management thereof by the plaintiff.

The defendant is permitted to amend its affidavit of defence within thirty days, by showing in detail the profits of its business during the said management thereof by the plaintiff.